JOSEPH EATON *versus* CHARLES MUNROE.

The plaintiff delivered $40 worth of duck to H., who agreed to have it manufactured into a sail, and that it should remain the property of the plaintiff until it was paid for. H. caused it to be manufactured, as by agreement, at a cost of $18, and, without ever paying the plaintiff, sold the sail to C., who sold it to the defendant. The plaintiff, after demand, replevied the sail:— *Held*, that replevin could be maintained on two grounds;—

1. Because the plaintiff never parted with his property; and—
2. On the principle of accession.

ON REPORT from *Nisi Prius*, MAY, J., presiding.
The facts sufficiently appear in the opinion.

*J. S. Baker*, for the plaintiff.

*Gilbert & Sewall*, for the defendant.

The opinion of the Court was drawn by

WALTON, J.—This is an action of replevin. It appears from the evidence that the plaintiff let one Hall have canvass for the foresail of a gondola; that Hall procured the sail to be made at an expense of about ten dollars for labor, and from five to eight dollars for materials; that the canvass cost $40,63; that it was agreed the plaintiff should own the sail, and that it should remain his property till paid for; that Hall never paid for the sail, but afterwards sold it to one Chase, and that Chase sold it to the defendant.

The defendant contends that the plaintiff acquired no property in the materials furnished by Hall; that, inasmuch as the plaintiff consented that his canvass should be inseparably connected with Hall's property, and the plaintiff cannot now hold what was his own, without also holding what was the property of Hall, the action cannot be maintained.

But we are of opinion that the action can be maintained. It was expressly agreed that the *sail*, (including, of course, not only the canvass, but the other materials used in making it,) should be and remain the property of the plaintiff till it was paid for. If this was not sufficient for the pur-

pose, we think the plaintiff became the owner of the materials furnished by Hall upon the principle of accession. Title by accession applies not only to what is produced by one's own property, as the increase of animals, but also to that which is united to it, either naturally or artificially. 2 Kent's Com., 360. " It was a principle settled as early as the time of the Year Books, that, whatever alteration of form any property had undergone, the owner might seize it in its new shape, and be entitled to the ownership of it in its state of improvement, if he could prove the identity of the original materials ; as, if leather be made into shoes, or cloth into a coat." 2 Kent's Com., 363. This principle, applied to the case at bar, would give to the plaintiff, as owner of the canvass, the materials used in making it into a sail, by accession; the same as the materials used in the manufacture of the shoes and the coat, would become the property of the owners of the leather and the cloth.

In *Pulsifer* v. *Page*, 32 Maine, 404, this Court held that a right of property, by accession, may occur when materials belonging to several persons are united by labor into a single article ; and that the ownership of an article, so formed, is in the party, if such there be, to whom the principal part of the materials belonged. In respect to the sail, it is clear the canvass formed the principal part of it, and the plaintiff being the owner of the canvass, he would, within the authority of this case, be the owner of the sail when it was completed.            *Default to stand.*

                     *Judgment for plaintiff.*

APPLETON, C. J., RICE, CUTTING and KENT, JJ., concurred.